David P. Schroth, Esq.
Law Office of David P. Schroth
795 Parkway Avenue, Suite A-3
Trenton, NJ 08618
(609) 882-0041
Attorney for Plaintiff Brian Grimaldi

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

BRIAN GRIMALDI,

        Plaintiff,

vs.

CORRECTIONAL MEDICAL
SERVICES, INC.;
ABC Corp., Inc. 1-10 (said name being fictitious)individually and in its
official capacity as the health care provider for the State of New Jersey Department of Corrections, and

Nurse "Jane" GREY (or Gray), (first name unknown "Jane" being fictitious)
 individually
and in her official capacity as
Nurse and employee at Correctional Medical Services at New Jersey Department of Corrections Central Assignment and Reception Facility, and

JOHN and JANE DOES 1-10
(said names being fictitious), employees of CMS, Inc., individually and in their official capacity as health care providers for the State of New Jersey Department of Corrections,
Dr. JOHN DOE, (said name fictitious) individually and as an
employee of CMS acting under color of law

        Defendants.

Civil Action No.

Hon.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Brian Grimaldi residing at 201 Whitehead Ave, South River, New Jersey by way of Complaint against Defendants alleges and says:

## JURISDICTION AND VENUE

1. Plaintiff, Brian Grimaldi, resides at 201 Whitehead Ave, South River, New Jersey 08882.

2. Defendant Correctional Medical Services, Inc. (Hereinafter CMS) is a Corporation organized and existing under the laws of the State of Missouri with its principal place of business at 1264 Olive Boulevard St. Louis, Missouri 63141.

3. "Jane" Grey (or Gray) (said first name being fictitious) is or was at all times relative hereto employed by Correctional Medical Services and her only known address is her work address at CMS offices located at CRAF, P.O. Box 7450 Trenton, NJ 08628-7450 on Stuyvesant Avenue in Trenton.

4. John and Jane Does 1-10 , some of whom were nurses, only known address is that of their employer at their Trenton location of CMS, P.O. Box 7450 Trenton.

5. Dr. John Doe only known address is that of their employer at their Trenton location of CMS, P.O. Box 7450 Trenton.

6. This Court has original jurisdiction over this matter because it involves federal subject matter jurisdiction and a federal question pursuant to 28 U.S.C. 1331; to wit, Plaintiff alleges a violation of his Constitutional right to be free from Cruel and Unusual punishment under the 8th Amendment to the United States Constitution in violation of 42 U.S.C. sec. 1983 stemming from an incident that took place on April 4, 2008 at which time Brian Grimaldi was a prisoner in New Jersey Department of Corrections (DOC) Prison system and being held, housed and incarcerated at the DOC's Central Reception and Assignment Facility (CRAF) P.O. Box 7450

Trenton New Jersey on Stuyvesant Avenue in Trenton. This action is brought pursuant to 42 U.S.C. § 1983, alleging a violation of his Constitutional rights under the Eighth Amendment of the United States Constitution to be free from Cruel and Unusual Punishment by state employees and or contractors acting under the color of state law as well as CMS and its nurse employees, agents or assigns, who were employed by the State of New Jersey to handle medical treatment of inmates and acting under color of State law. Defendants were deliberately indifferent to his serious medical needs resulting physical injury.

7. This Court has jurisdiction pursuant to 28 U.S.C. 1331 in that the subject matter of this lawsuit is that the plaintiff's Constitutional rights were violated as he was subjected to Cruel and Unusual Punishment in that defendants were deliberately indifferent to his serious medical needs which resulted in physical harm.

8. Additionally this court has jurisdiction as the plaintiff is a resident of New Jersey and defendant Correctional Medical Services, Inc., is a corporation with its principal place of business in Missouri and incorporated under the laws of the State of Missouri and because the amount in controversy exceeds $75,000.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 (3) and (4) and 28 U.S.C. § 2201 and 2202 and 42 U.S.C. 1983.

10. Plaintiff invokes the Pendent Jurisdiction of this Court.

11. Plaintiff relies on the less stringent standard set forth in Haines v. Kerner, 404 U.S. 519(1972).

12. Venue is proper in this Court pursuant to 28 U.S.C. sec. 1391(a), (b) and (c)

## THE PARTIES

## PLAINTIFF

13. At the time of the incident that brings about this cause of action and claim on or about April 4, 2008, Plaintiff, Brian Grimaldi, was a prisoner in the custody of an under the control of the New Jersey Department of Corrections and housed at its Central Reception and Assignment Facility (hereinafter CRAF) in Trenton, New Jersey. At all times relevant hereto he was in the custody of and under the control of the New Jersey Department of Corrections and the State of New Jersey.

### DEFENDANTS

14. CMS or ABC Corp, Inc. (said name being fictitious) is a private enterprise who at all times relevant hereto in April 2008 was under contract with the State of New Jersey at the time of the matter in controversy to provide plaintiff state-created medical and health care services rights set forth in N.J.A.C. 10A:16 et seq. and 10A:5-3-10 for all inmates under the jurisdiction of the New Jersey Department of Corrections. Defendant CMS does employee nurses, staff, doctors and other health care providing personnel. Defendant CMS did employe or contract with Nurse Grey and John and Jane Does 1-10, who were responsible for ensuring the aforesaid health care, medical care and healthcare related needs and rights of plaintiff. Defendant Correctional Medical Services, Inc. CMS is a Corporation organized and existing under the laws of the State of Missouri with its principal place of business at 1264 Olive Boulevard St. Louis, Missouri 63141. and acting under color of state law having been contracted with the State of New Jersey to provide health care/medical care for the department of Corrections.

15. Defendant, "Jane" Grey (said first name being fictitious as it is currently unknown) is or was at the time in question a Registered Nurse at Correctional Medical Services at New Jersey State Prison and acting under color of state law having been contracted with the State of New Jersey to provide health care/medical care for the department of Corrections.. At all times herein mentioned she was so employed. Her only currently known address is New Jersey Central

Reception and Assignment Facility P.O. Box 7450, Stuyvesant Avenue, Trenton, NJ 08628-7450.

16. Defendants, Jane Does 1-10, (said names being fictitious) are Nurses or CMS staff at Correctional Medical Services at the time working at the CRAF and acting under color of state law having been contracted with the State of New Jersey to provide health care/medical care for the department of Corrections. As employees of CMS. .

17. All defendants acted under color of law.

**FACTS AND BACKGROUND**

18. On or about April 4, 2008 Plaintiff had been incarcerated in and was assigned to CRAF awaiting further assignment and transfer to another prison within the New Jersey Department of Corrections prison system. CRAF is the facility where inmates are held pending assignment to the facility where they will serve their jail sentence having either pleaded guilty to or having been convicted of a crime in the Superior Court of New Jersey or for subsequent violations of parole.

19. At all times relevant hereto Plaintiff was medically diagnosed as and known to suffer from asthma and had been treated for this condition at CRAF previously.

20. On or about April 4, 2008, while at CRAF and in or about Nurse Grey and other CMS employees nurses John and Jane Does 1-10, Plaintiff , after having received treatment for asthma, advised Nurse Grey of continuing breathing difficulties and the need for additional medical care.

21. Plaintiff repeated these requests for help over time and indicated he was in acute distress and needed additional treatment.

22. In response to plaintiff's specific request for necessary care due to increased breathing

problems, Nurse Grey and nurses John and Jane Does 1-10 (said names being fictitious) (hereinafter Nurse defendants) Dr. John Doe did ignore said requests for medical care, deny Plaintiff said care and/or ignored his pleas for help and/or did refuse to allow him to see a doctor in spite of the acute nature of his distress and the obvious need to breath to live..

23. In spite of plaintiff Brian Grimaldi's requests for additional necessary medical assistance due to his distress and in spite of advising that his condition was worsening and that he felt like he was going to pass out Nurse Grey (Gray) and/or nurses and staff John and Jane Does 1-10 did order plaintiff back to his cell and did ignore his continued requests for care for his serious medical needs stating he was lucky to get the treatment he got.

24. In ignoring plaintiffs requests for treatment while in medical distress, which resulted in his loss of consciousness, cardiac distress and/or arrest and ultimate hospitalization, defendants subjected plaintiff to cruel and unusual punishment in that they were deliberately indifferent to his serious medical needs in violation of his constitutional rights and plaintiff suffered physical injury and harm.

25. Defendants further acted willfully and wantonly in their deliberate indifference to plaintiff's serious medical needs.

26. Plaintiff has a history of serious asthma problems and within the medical profession it is known asthma attacks can be fatal.

27. Ultimately, after having his requests for additional help ignored, Plaintiff collapsed, passed out, lost consciousness and suffered cardiac distress and/or cardiac arrest that necessitated hospitalization.

28. As a direct and proximate result of the actions and inaction of defendants, Plaintiff suffered physical injuries and harm, great pain and distress and or suffered a heart attack, cardiac

arrest and/or "flatlined" and/or died and after having suffered said severe harm, pain and discomfort was resuscitated and further hospitalized.

29.  As a further direct and proximate result of defendants actions and inaction plaintiff has suffered other great physical pain harm and pain and suffering and other injuries including injury to the heart, some of which are permanent in nature.

## COUNT ONE
### (Violation of Constitutional Right to be free from Cruel and Unusual Punishment- Deliberate indifference to Serious Medical Needs)

30.  Plaintiff repeats, realleges and incorporates herein the allegations set forth in paragraphs 1 through 28 of this Complaint as if set forth at length herein.

31.  Defendants did with deliberate indifference to his serious medical needs deny plaintiff access to and deprive him of medical care and asthma treatment when additional treatment was needed which resulted in physical injury and furthermore did deny plaintiff access to a physician for diagnosis and treatment, did subject plaintiff to unnecessary and wanton infliction of pain, injury and suffering and did subject plaintiff to permanent injury or possibility of a life-long handicap, and did subject plaintiff to imminent physical danger and death, in violation of plaintiff's Constitutional rights under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment.

32.  Defendants did act willfully, wantonly, with malice and or reckless disregard toward plaintiff in denying and delaying access to need medical care.

33.  As a direct and/or proximate result of defendants actions and inaction, deliberate indifference to plaintiff's medical needs, willful, wanton and reckless disregard for plaintiff's serious medical needs, plaintiff endured great pain and suffering, sustained sever and serious physical

injuries, some of which are permanent in nature, and subjected plaintiff to death. Said injuries will continue to hamper and hinder plaintiff in the future. Plaintiff was further caused to expend great sums of money on medical treatment for his injuries and will continue to do so into the future and has been caused and will continue into the future to be caused to be unable to pursue his usual activities and has and will continue to be caused to lose income since this incident and into the future.

**WHEREFORE** Plaintiff demands judgment against defendants CMS, "Jane" Grey, Nurse Janes Does 1-10, Dr. John Doe individuslly, jointly or severally or in the alternative as follows

(a) awarding compensatory damages,

(b) punitive damages

(c) an award of costs and reasonable attorneys fees.

(d) Such other relief as this Court may deem equitable, proper and just.

## COUNT TWO
### (Negligence-Personal Injury)

34.     Plaintiff repeats and realleges the allegations contained in Count One of this Complaint and the preceding paragraphs and incorporates same herein as if set forth at length herein.

35.     Defendant Correctional Medical Services, Inc. (CMS), who is responsible for the medical care and well being of inmates, did employ aforementioned Nurse defendants, Dr. John Doe and are responsible for their negligent actions in the work place under the doctrine of respondent superior and is itself responsible for said negligence as the health care provider

36.     Aforementioned injuries sustained by plaintiff on or about April 4, 2008 at CRAF was caused by the negligence and carelessness and deviation from the standard of care for an asthmatic in medical distress CMS, nurses and staff defendants, their employees, agents and assigns are responsible for their negligence and did breach their duty of due care, were negligent to Plaintiff

and did deviate from the standard of care for an asthmatic in medical distress.

37.	As a direct and proximate result of the negligence, carelessness, recklessnes and professional malpractice of defendants CMS, Nurse Jane Grey, John and Jane Does 1-10, the plaintiff sustained and suffered great pain and suffering of the mind and body, has and did sustain serious bodily injuries some of which are permanent in nature and will continue to suffer as a result thereof, was subjected to increased risk of harm, death, emotional distress and did incur medical expenses and will continue to incur related expenses into the future. .

WHEREFORE, plaintiff Brian Grimaldi, demands judgment against Defendants CMS, Nurse "Jane" Grey and defendants John and Jane Does 1-10 individually, jointly, severally, or in the alternative as follows:

(a) awarding compensatory damages

(b) punitive damages

(c) attorneys fees, costs of suit and

(d) any other remedy the court deems equitable and just.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury as to all issues in the above matter.

### DESIGNATION OF TRIAL COUNSEL

David P. Schroth, Esquire is hereby designated as trial counsel in this matter.

### CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration

or administrative proceeding.

                                                 S/ David P. Schroth
                                                 DAVID P. SCHROTH, ESQUIRE
                                                 Attorney for Plaintiff

Dated: 4/2/2010